UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALIN KUNLUN (A-Number: 240-057-308), <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al., <br><br> Respondents. | No.  1:26-cv-01620-KES-FJS (HC) <br><br> ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE <br><br> Docs. 1, 8 |

Petitioner Dalin Kunlun is an immigration detainee proceeding pro se with a petition for writ of habeas corpus.  Doc. 1.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2026, the previously-assigned magistrate judge issued findings and recommendations that recommended granting the petition.[1]  Doc. 8.  The findings and recommendations concluded that this case was indistinguishable from *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 2939179 (E.D. Cal. Oct. 15, 2025), *Nguyen v. Warden*, No. 2:25-CV-03297-SKO (HC), 2026 WL 72110 (E.D. Cal. Jan. 9, 2026), and *Duong v. Charles*, No. 1:25-CV-01375-SKO (HC), 2025 WL 3055188 (E.D. Cal. Oct. 31, 2025).  *See id.*  *Vu v. Noem* involved a noncitizen who had been ordered removed in 2000, was detained by the INS, and was then released because the INS was unable to remove him; then, nearly twenty-five years later,

---

[1] This matter was reassigned from Magistrate Judge Sheila K. Oberto to Magistrate Judge Frank J. Singer after the findings and recommendations were issued.  *See* Doc. 10.

1

ICE re-detained him. *Vu v. Noem*, 2025 WL 3114341, at *1. The Court concluded that the petitioner's re-detention violated 8 C.F.R. §§ 241.13(i) and 241.4(l), and the Court ordered his release on that basis. *See id.* at *4–8. *Nguyen* and *Duong* also involved noncitizens who had been ordered removed, released, and then re-detained in violation of 8 C.F.R. §§ 241.13(i) and 241.4(l). *See Nguyen*, 2026 WL 72110, at *1; *Duong*, 2025 WL 3055188, at *1.

Petitioner is not similarly situated to the petitioners in *Vu*, *Nguyen*, and *Duong*. He entered the United States in 2022, was briefly detained then released by immigration authorities pursuant to 8 U.S.C. § 1226(a), and was then re-detained on the grounds that he was subject to mandatory detention under the government's new policy that 8 U.S.C. § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission. *See* Doc. 12-2; Doc. 17 at 1 (conceding that "Petitioner was previously released into the United States and then years later was re-detained by immigration authorities and now the government takes the position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)"). Petitioner has not been ordered removed, and 8 C.F.R. §§ 241.13(i) and 241.4(l) therefore do not apply to him.[2] *See* 8 C.F.R. § 241.13(i).

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court declines to adopt the findings and recommendations.

Nevertheless, the Court has previously addressed the legal issues raised by the petition and finds that it should be granted. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court ordered respondents to show cause as to whether there are any factual or legal

---

[2] The Court ordered respondents to produce "any order of removal," and they do not identify any such order. *See* Docs. 11, 12.

2

issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 16.  Respondents state: "To the extent that Petitioner was previously released into the United States and then years later was re-detained by immigration authorities and now the government takes the position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), the [Court's prior] cases are not distinguishable."  Doc. 17 at 1.  While respondents oppose the petition, they do not raise any new arguments.  *See id.* at 1–2.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioner Dalin Kunlun (A-Number: 240-057-308) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[3]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

///

///

///

///

---

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 12, 2026

_____
UNITED STATES DISTRICT JUDGE

4